*22 OPINION.
Lansdon:
The first contention of the petitioner is that it should be allowed to deduct $6,000 from its income for the fiscal year ended November 30, 1918, as an ordinary and necessary expense incurred in the purchase of certain catalogues which it used in advertising its wares and business. The evidence adduced in support of this issue is so vague, inconclusive, and contradictory that we are unable to make any findings of fact based thereon sufficient to enable us to disturb the. determination of the Commissioner. The exact amount paid in this connection can not be ascertained from the testimony, nor is the Board able to determine whether the expenditure, if actually made, was in the nature of an operating expense deductible from current income or a capital outlay to be charged off over a period of two or more years.
The petitioner asserts that it acquired good will from the company that should be included in the computation of its invested capital for each of the taxable years in the amount of $283,006.73. There is no evidence that either the predecessor or its stockholders ever transferred any such good will to the petitioner, nor is there any persuasive proof of the value of good will possessed by the company at the date of its liquidation. Nothing in the record enables us to determine the value for good will claimed or that, in fact, it was ever acquired by the taxpayer in any way or form that justifies us in allowing it as an element of invested capital for the taxable years.
The taxpayer claims $275,000 invested capital on account of capital stock actually paid for and issued during its fiscal year 1918. No stock was issued to any subscriber until he had paid for it in full. *23 No notes in payment were given by the subscribers. The Commissioner held that the stock subscriptions, as such, could not be included in invested capital, and recognized only the payments thereon from the dates when made. This gives $222,912.68 as the average invested capital on account of such stock subscriptions and payments thereon. His determination is clearly in accordance with the decision of the Board in Appeal of the Central Consumers Wine & Liquor Co., 1 B. T. A. 1190.
No admissible evidence in support of the request for determination of tax liability under sections 210 and 328, respectively, of the Revenue Acts of 1917 and 1918, was offered, and therefore the Commissioner must be sustained in his ruling on that issue.
The deficiencies are $1,661.1$ for the fiscal year ended November SO, 1918, and $51.39 for ' the fiscal year ended November SO, 1919. Order will be entered accordingly.